*Hartford,*
June, 1818.

GRISWOLD *against* PENNIMAN and another.

A share of personal intestate estate, accruing, in right of the wife, during coverture, vests, even before distribution made, in the husband, absolutely, and does not, in the event of his prior death, survive to her.

THIS was an action on a probate bond, tried at *Norwich*, January term 1818, before *Swift*, Ch. J., and *Brainard* and *Goddard*, Js.

*Joshua Starr* died intestate, leaving personal estate, and several children, one of whom was the defendant *Mary Penniman*, then wife of *John Penniman.* Administration was taken on the estate of the deceased ; but no distribution was made to the heirs, until after the death of *John Penniman.* On his decease, the defendant, *Mary Penniman*, took administration on his estate, and gave the bond on which this suit is brought, for the faithful performance of her trust. The breach relied on was, that she had not inventoried, as the estate of *John Penniman*, that portion of the estate of *Joshua Starr*, consisting of personal property, which was distributed to her as one of his heirs. The plaintiff contended, that this property, on the death of *Joshua Starr*, vested absolutely in the husband. The defendants contended, that it vested in *Mary Penniman*, as a *chose in action* not reduced to possession, and so remained during the coverture, and on the death of her husband, survived to her. The court decided this point, and rendered judgment, in favour of the defendants. The plaintiff moved for a new trial ; and the motion was reserved in the usual manner.

*Cleaveland* and *T. S. Williams*, in support of the motion, remarked, that the share in question was not distinguishable, in any view which can affect this case, from a legacy given to the wife, during coverture ; which, according to the best authorities, would vest in the husband,—exclusively, and absolutely. He could discharge it, before it was due. Payment to her would not satisfy the husband's claim. *Com. Dig. tit.* Baron and Feme. (E. 3.) citing 2 *Rol.* 134. *Bac. Abr. tit.* Baron and Feme. (D.) *Palmer* v. *Trevor*, 1 *Vern.* 261. *Ayer* v. *Fitch*, 2 *Conn. Rep.* 145, 6. *Reeve's Dom. Relat.* 60. It is a general rule, that all personal property, which accrues to the wife, during the coverture, vests absolutely in the husband. The reason is, that the legal existence of the wife is merged in that of her husband. Hence, if a note be made payable to a *feme covert*, it is, in contemplation

*Hartford*,
June, 1818.

Griswold
*v.*
Penniman.

of law, payable to the husband ; the property vests absolutely in him ; he alone can discharge it ; he alone can sue upon it ; and on his death, it goes to his personal representative, and not to the wife. *Barlow* v. *Bishop*, 1 *East*, 432. *Shuttleworth* v. *Noyes & al.* 8 *Mass. Rep.* 229. But these authorities, though decisive as to the *principle* in question, it is not necessary to urge. The precise point in this case, was settled in *Cary* v. *Taylor*, 2 *Vern.* 302. *That* was the case of a distributary share. The intestate died during the coverture ; but no distribution was made until after the coverture terminated. It was admitted, on all hands, that this share was a vested interest in the husband ; and that before distribution made, and before the time limited by statute for making distribution, had expired.

*Goddard*, contra, contended, that a *chose in action*, a legacy, or a share of an intestate estate, accruing to the wife during coverture, but not being reduced into possession by the husband, survives to her, in the event of his dying before her, and does not go to his personal representative. *Garforth* v. *Bradley*, 2 *Ves.* 676. *Coppin* v. ——, 2 *P. Wms.* 497. *Carr* v. *Taylor*, 10 *Ves.* jun. 578. *Reeve's Dom. Relat.* 62. In perfect harmony with these decisions, it has been held, that the husband and wife may join in an action on a promise to the wife. *Prat & ux.* v. *Taylor*, *Cro. Eliz.* 61. *Brashford* v. *Buckingham & ux.* in error, *Cro. Jac.* 77. 205. *Hilliard* v. *Hambridge*, *Aleyn* 36. *Rose & ux.* v. *Bowler & al.* 1 *H. Black.* 108. 114. The necessary consequence of this, is, that if the husband die before the judgment is satisfied, the interest in the cause of action will survive to the wife, and will not go to his executor or administrator. 1 *Chitt. Plead.* 20.

SWIFT, Ch. J. The husband, by marriage, acquires a right to the use of the real estate of his wife, during her life ; and if they have a child born alive, then, if he survives, during his life, as tenant by the curtesey. He acquires an absolute right to her chattels real, and may dispose of them. If he does not dispose of them, and survives his wife, they survive to him : but if she outlives her husband, they survive to her. He acquires an absolute property in her chattels personal in possession ; but as to her *chos's in action*, he may maintain a suit jointly with her to recover them ; and

*Hartford,*
June, 1818.

Griswold
*v.*
Penniman.

if he reduces them to possession, during coverture, they become his ; otherwise, they survive to the wife, if she out-lives him, or to her administrator, if she does not.   As to the property of the wife accruing during coverture, the same rule is applicable, excepting in regard to *choses in action.* These vest absolutely in the husband, on the principle that husband and wife are but one in law, and her existence, in legal consideration, is merged in his.   He may, in such cases, bring a suit in his own name, without joining his wife. This clearly proves, that the *chose in action* vests in him absolutely ; for if the right was in the wife, she must neces-sarily join in the suit.   Where a bond or note is given to the wife, the husband can maintain an action in his own name. *Barlow* v. *Bishop,* 1 *East* 432.   *Aleyn* 36.   The consequence, then, is, that if the husband die before the wife, such *choses in action* shall go to his executor or administrator, and they do not survive to the wife : for where the property has been absolutely vested, there can be no survivorship.

It is true, in certain cases, where claims originate during coverture, the husband may sue in his own name, or may join with the wife, as for rents issuing out of her real estate, or where she is the meritorious cause of action : and then, if the husband die while the suit is pending, or after judg-ment, and before it is satisfied, the interest in the causes of action will survive to her, and not to the executor of her hus-band, though if he had sued alone, she would have had no in-terest. 1 *Chitt. Plead.* 19. 20.   But this is so far from proving, that if no suit had been brought, the *chose in action* would have survived to the wife, it proves directly the contrary.   For in this case, the joining of the wife in the suit, is the ground of the survivorship.   It is agreeing to, and recognizing her interest, by the husband ; and may be considered in the na-ture of a grant to her ; and for this reason, the suit, or judg-ment, may survive to her.   But where no act is done by the husband ; where no suit is brought, or judgment rendered, in favour of both ; his separate, absolute interest continues, and can never survive to the wife.

It is true, that a contrary doctrine is laid down by Lord *Hardwicke,* in *Garforth* v. *Bradley,* 2 *Ves.* 676. on the authority of which, the case was decided at the circuit.   He says, that a *chose in action* coming to the wife during cov-erture, unless the husband reduce it to possession, will sur-

vive to the wife ; but agrees, that the husband may bring an action in his own name. This opinion is contradictory to the whole current of authorities ; and the concession that the husband may sue in his own name, proves, that the property absolutely vested in him, so that it could not survive, without some act done by him.

If the estate left by the father of Mrs. *Penniman,* was chattels personal in possession, then they vested, at the time of his death, in her husband ; for a distributary share of chattels personal, in possession, is not *a chose in action;* the right does not depend on the distribution, but originates by the statute, at the time of the death of the intestate. If he left debts, which it was the duty of his administrator to collect, these would be *choses in action,* which, by the common law, vested in the husband, on the death of her father.

It has been said, that a different rule has been adopted, in equity : but this is a mistake. Courts of equity, when husbands are obliged to resort to them, to obtain possession of the property of their wives, have required that they should make reasonable provision for them, as when they apply to obtain legacies : but with respect to *choses in action* accruing during coverture, in right of the wife, where the husband can sue in his own name, without joining the wife, there has been no rule adopted in chancery, different from law.

The other Judges were of the same opinion.

New trial to be granted.