## Lowry *v.* Houston.

The husband is entitled to a vested legacy of the wife, although not reduced into possession during coverture, and the purchaser of the same from the husband will acquire a good title.

An assignment of the wife's choses in action by the husband during the lifetime of the wife, for a valuable consideration, has been repeatedly held to be valid.

It seems that the husband is considered as the next of kin to his wife, by relation of marriage, and takes her property as such in case of death; but whether so considered or not, her personal property, remaining after death goes to her husband, either *jure mariti*, or as next of kin.

In an action of detinue the rule is, that, although possession by the defendant must be proved, yet it is not necessary, that it should be continued up to the time of the commencement of the suit, and the plaintiff will be entitled to recover, unless the defendant has been lawfully dispossessed.

A judgment against the administrator can operate as a lien only upon the assets in his hands; and where he wrongfully delivers up possession of property which is not assets, detinue will lie against him for its recovery, in as much as he is not lawfully dispossessed thereby.

ERROR to the circuit court of Adams county.

Webber and Rawlings for the plaintiff in error.
Montgomery and Boyd, *contra.*

Mr. Justice TROTTER delivered the opinion of the court.

This is an action of detinue, to recover three slaves claimed by the defendant in error, under a purchase from one Oliver H. Allen, The bill of exceptions which was taken on the trial in the court below, exhibits the will of Mrs. Margaret M'Connel, under which Allen derived his title to the negroes in dispute. In her will she devised a tract of land, and bequeathed several negroes to her two grandchildren, William G. M'Connel and Margaret Caroline Allen, the wife of the said Oliver H. Allen, with a provision that if either of them died without issue, the property

[Lowry *v.* Houston.]

bequeathed should belong to the survivor. In the division of the slaves, the three in controversy were given to William G. M'Connel. He died without issue, before the death of Mrs. Allen. The guardian of William M'Connel delivered to Lowry, who had become his administrator, the three slaves sued for. Allen sold the same to Houston, without having reduced them into possession. He survived his wife. A verdict was found for the defendant in error in the court below, and judgment rendered in his favor for the slaves.

The plaintiff in error now insists that the judgment is erroneous for two reasons.

1. Because the sale to Houston by Allen could not vest in him such a title as will support detinue.

2. Because the court erred in rejecting the evidence offered of the judgment against Lowry as M'Connel's administrator, and the execution on it, by which one of the negroes was seized and sold.

In support of the first objection, it is urged, that the slaves being the property of Mrs. Allen, under the will of her grandmother, her husband had no title to the same until he reduced them into actual possession. In this case, the slaves were bequeathed to Mrs. Allen, and the legacy became a vested one upon the death of William G. M'Connel, and it was not necessary that the property should be actually reduced into possession by her husband, in order to secure his title. It was complete by the bequest, and the death of William M'Connel. In the case of Bunch *v.* Hurst, 3 Dessaussure, 289, it was held that the husband is entitled to a vested legacy of the wife, though not reduced into possession during coverture, it being vested in interest, though not in possession, was sufficient. The same point is decided in the case of Elms *v.* Hughes, 3 Dessaussure, 160. In that case, the chancellor held, that as the law stood prior to the act of 1791, of the State of South Carolina, there could be no doubt that the husband takes the personal property of the wife, though not reduced into possession. In the note of the case of Griswold *v.* Pennyman, 2 Conn. Rep. 564, as stated in the note of the American editor of Toller's Law of Executors, p. 220, (edit. 1834,) it appears to have been held in Connecticut, that a share

of personal property, accruing in right of the wife, vests absolutely in the husband, even before distribution, and does not, in the event of his prior death, survive to her.   The same point was ruled in the court of appeals of Kentucky, and it has there been repeatedly held, that " actual enjoyment of a chattel which accrued to the wife *before* marriage, is not necessary to vest her interest in her husband if he survives, as slaves, whilst in the possession of the tenant for life, for his possession is not adverse. Pirtle's Dig. 499.   These adjudications settle this question conclusively, as it is believed, in favor of the title of Allen.   The present is surely as strong a case as the one referred to in Kentucky, where the tenant for life had the possession of the property at the death of the wife.   It is the case of a vested legacy, and it was not necessary to the title of Allen that he should have had the actual enjoyment of the negroes in the lifetime of the wife. It is the case of a vested legacy, and it was not necessary to the title of Allen that he should have had the actual enjoyment of the negroes in the lifetime of the wife.   By the death of William M'Connel, these slaves became his property, and he, therefore, had the constructive possession, and he had an undoubted right to sell them.

If these views be correct, the property in question cannot be considered in the light of the wife's choses in action.   But if such was the case, it is yet believed that the sale by Allen was valid. An assignment of the wife's choses in action by the husband, during the lifetime of the wife, for a valuable consideration has been repeatedly held to be valid.  In the case of Schuyler *v.* Hayle, 5 Johns. Cha. Rep. 196, it was determined that the husband may, for a valuable consideration, transfer his wife's choses in action, free from the wife's contingent right of survivorship. In the case of Stewart *v.* Stewart, 7 Johns. Cha. Rep. 229, it was decided also; that the husband may be considered as the next of kin to his wife, by relation of marriage, and as taking her property in case of her death as such, but whether so considered or not, her personal property remaining after her death, goes to the husband either *jure mariti*, or as next of kin.   So in the case of Hamrico *v.* Laird, 10 Yerger's Rep. 222, the Supreme Court of Tennessee put the right of the husband to the wife's choses in

[Lowry *v*. Houston.]

action, upon the common law, as it stood prior to the declaratory act of 29th Charles 2. The subject was elaborately discussed in argument, and it was insisted that as no act similar to that of Charles 2d had been adopted in Tennessee, the husband was not entitled to his wife's choses in action, unless he reduced them into possession during the coverture. But the court said it was now too well settled to be controverted, that the right of the husband arises *jure mariti*, and not on the consideration of his being the next of kin. The case before noticed in South Carolina takes the same view of this subject. The act of 1791 introduced a new rule, and it was under that statute that the case was decided. It is, therefore, no authority for the doctrine insisted on by the counsel for the plaintiff in error. On the contrary, the chancellor expressly states, that, as the law stood prior to the act of 1791, the husband is entitled. Our statute of distributions is silent on this subject. The husband, by statute, is entitled to administer on his wife's property; but there is no provision which determines the character of his title, where, as such, he has reduced it into possession. His rights are determined by the common law, and we have seen that, by its provisions, he holds it as his own. We are, therefore, of opinion that the sale to Houston conferred a good title upon him.

In relation to the second objection, it may be remarked that the rule is, that though possession by the defendant must be proved, yet it is not necessary that it should be continued up to the time of the commencement of the suit, and the plaintiff will be entitled to recover, unless the defendant has been lawfully dispossessed. The judgment against Lowry, as the administrator of William G. M'Connel, could operate as a lien only upon the assets in his hands. But these slaves were not assets, and, of course, not subject to the execution; and this fact was well known to Lowry, who yet voluntarily surrendered one of Houston's slaves to the officer. He was not, therefore, lawfully dispossessed of the slave sold under this execution, and the court below was right in rejecting this evidence.

The judgment of the circuit court must, therefore, be affirmed with damages, &c.