Henry Gr. Smith, J.,
delivered the opinion' of the Court.
To understand the decision in this case, it is enough to state the facts following:
Shelby’s administrators obtained judgment against Barrow and Snowden, upon a promissory note made by Barrow and indorsed by Snowden. Execution issued upon the judgment, and was returned nulla bona.
Ann Barrow is the wife of Barrow, and is one oí the distributees of Shelby’s estate, and as such, entitled to receive a share of the estate when distribution is made. A large provision has been made for Ann heretofore, out of the properties of Shelby’s estate, by settlement on her, to her separate use.
By reason of matters set forth in his bill, Snowden claims to be subrogated to the rights of Shelby’s administrators in regard to the judgment, and to be allowed to enforce it against Barrow, for his, (Snowden’s,) benefit, and to subject to the payment of the judgment, whatever right or interest Barrow has in or* to his wife’s distributive share in Shelby’s estate, and this against or without Barrow’s assent, or any thing done by Barrow to reduce the distributive share into possession.
Upon this statement of the case, the question is, whether chancery will aid the creditor of the husband, without the assent of the husband, and during the joint lives of the husband and wife, to subject to the debt of the husband, the distributive interest of the wife, not reduced into possession by him.
*124 The authorities to this point, are in conflict. They lead to different results, according to the view taken of the right which the husband has to the distributive interest of his wife, before reduced to possession. On the one hand, the notion is, that the marital right does not attach to the distributive interest until it be reduced into possession, or some act be done by him equivalent to reduction into possession. The husband’s right is said to be rather a power than an interest. On the other hand, it is held, that the right of the husband is an actual interest inchoate and conditional on the reduction of the distributive share into possession during their joint lives, when the wife survives, and subject to the wife’s equity to a suitable provision for her maintenance, etc.
Those who hold the husband’s right to be rather a power than an interest, readily conclude, that the husband has nothing capable of subjection to his debts; while those who deem the marital right to be an actual present interest, as readily conclude, that such interest; whatever it is, ought to be subjected to his debts, and that chancery ought to give its aid accordingly.
It is hardly useful to embark upon a criticism and comparison of the authorities upon the question. Persons curious to examine them will find the liability of the distributive interest to the husband’s debts, maintained in the following: 2 Gratton, (Va.;) 8 Gratton; 8 Mass, 229; 6 B. Mon., (Ken.,) 514; 19 Pick., 354; 20 Pick., 563; 2 Conn., 564.
On the other side of the question, are the following: 13 New Hamp., 478; 2 Brocken., 285; Cord on Hus., *125 sec. 294. See, also, 2 Kent Com., 135, n. 1., Edition of 1866.
No adjudication to the precise question, appears to have been made in Tennessee. The drift of legislative and judicial opinion, is against the liability of the distributive interest of the wife to the husband’s debts. By sec. 2481, of the Code, it is enacted, that the husband’s interest in the real estate of his wife, shall not be subjected, during her lifetime, to judgment or execution against him. By sec. 2483, it is enacted, that the proceeds of real or personal property belonging to the wife, cannot be paid to any person without her consent, given upon her privy examination in court, or before a commission appointed by the Court; or, unless upon her power of attorney, jointly with her husband, to the execution of which, her privy examination is taken. And, again, the sec. 2487, enacts, that actions begun in the name of the husband and wife, or for any cause of action in which it is necessary to sue in the name of husband and wife, shall not be dismissed without the consent of the wife.
In this court, in former years, the current of decision has been quite as far forward as have gone the courts of any of our sister States, to limit the power of the husband over the wife’s choses in action, or other interests not in possession; and to secure to her, provision out of properties accruing to her before or during coverture, against the assignment of the husband, and against his power to reduce them into possession, and so to his absolute ownership.
To the precise point in question here, no authoritative *126 adjudication appears to have been made in our courts. A dietum is to be found in the opinion in the case of Harris vs. Taylor, 3 Sneed, 536, which declares, that “it is well settled, that in the division of the slaves,” (meaning slaves in which the wife had a distributive interest,) “the husband’s marital right could not attach; and until the husband’s marital right is complete, by a reduction of the property into possession, or what is equivalent thereto, creditors of the husband cannot lay hold of the property for the satisfaction of their debts.” The case did not call for the expression of such rule, at least, in the full breadth declared. It was an original attachment at law, which was levied on slaves in which the wife had a distributive interest, or an equitable estate only. Such attachment is leviable on legal estates only; at any rate, where the property is a corporeal chattel.
Such is the current of legislative and judicial sentiment in this State. Whether we think such sentiment wise or unwise, we are not disposed to undertake to arrest or reverse it. And yielding to it, we hold that the wife’s distributive interest cannot, during their joint lives, be subjected to the payment of the husband’s debts, without his consent, before reduced into his possession, or any act done by him asserting his right so to do.
The decree of the Chancellor, sustaining the demurrer, will be affirmed.
If the fund produced by the sale of the lots, provide any surplus after paying the judgments, Snowden will be entitled to such surplus. This he can have by application, in the original cause between Shelby’s executors and J. B. Snowden,