JAMES McADAMS *vs.* WILLIAM H. STARR.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Upon the death of a dog's owner and the grant of letters testamentary on his estate, the ownership of the animal passes to and vests in the administrator, and he is personally liable as "owner," under General Statutes, § 3761, for damage which the dog may thereafter commit.
Whether the administrator could disclaim ownership if he desired, *quære.*

Argued June 6th—decided July 23d, 1901.

ACTION to recover damages for personal injury claimed to have been caused by a dog owned by the defendant, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $400 damages, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Aaron T. Bates* and *Howard W. Taylor*, for the appellant (defendant).

*Charles W. Murphy*, for the appellee (plaintiff).

ANDREWS, C. J. The plaintiff is a lad less than ten years old. He brought this action by his next friend to recover damages for the bite of a dog. The case was tried upon an issue joined to the jury. The plaintiff had a verdict. The defendant has appealed. It is substantially settled by the record that the plaintiff was, by such biting, severely injured.

There really is but one question for this court. Was the defendant liable for the acts of this dog? And this depends upon the question whether or not the defendant was the owner of the dog within the meaning of § 3761 of the General Statutes, so that judgment could be rendered against him personally. The judge instructed the jury that he was. If this is correct, then there is no error.

The dog had been owned by Jarvis Selleck, late of Ridgefield. Selleck died on the 26th day of February, 1900, intestate. He had owned the dog for three years. At the time of his death and prior thereto Selleck had owned and occupied a large farm in the said town on which there were many creatures, cattle and other, and among them this dog. Selleck left two sons, Darius and Isaac H. They, after the death of their father, made an arrangement in the nature of a lease of said farm and all the creatures thereon, with one Sturgis Selleck. It was a part of this arrangement that the dog should remain on the farm. The defendant was appointed administrator on the estate of Jarvis Selleck on the 6th day of March, 1900. He ratified and approved the lease of the farm with the creatures thereon, which the sons had made with Sturgis Selleck. The tenant, Sturgis Selleck, caused the dog to be registered. The defendant approved that act and paid the registration fee. The dog injured the plaintiff on the 23d day of October, 1900.

It is said in 1 Sw. Dig. s. p. 444, that on the death of any one all his personal property vests immediately in the executor; and on s. p. 457, that when an administrator is appointed his power and duty is precisely the same as that of an executor. This is indisputably the law, and it can make no difference whether the property is a horse, a dog, or a gold watch.

The rule is the same in either case. The executor takes his title from the will: an administrator by the letters testamentary. 2 Saund. 47, note 1; *Roorbach* v. *Lord*, 4 Conn. 347; *Beecher* v. *Buckingham*, 18 id. 110, 120; 1 Woerner on Administration, 409.

The court instructed the jury that the defendant was the owner of the dog within the meaning of the statute on which this action was brought. That was correct.

Counsel for the defendant argued in this court that as the property in a dog is a base property, an administrator might disclaim to be the owner of a dog which had belonged to his intestate, and in such case could not be treated as its owner. It would perhaps be difficult to maintain that proposition; but it has no application in this case. Here the administrator had not only not undertaken to disclaim, but on the contrary he had exercised acts of ownership over the dog which did the injury.

There is no error.

In this opinion the other judges concurred.