[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS NO. 178
This matter is before the court on the defendants' Motion to Dismiss for lack of subject matter jurisdiction and/or lack of standing.
On or about December 27, 1990, a fire occurred at the premises on 9 Fairweather Drive, Norwalk, Connecticut. The premises in question were previously owned by Cora Shrader and insured under that individual's name. Upon Cora Shrader's death on April 14, 1988, the premises were conveyed, by will, to Mary Anne Giligan, Shrader's daughter, who was also named co-executor of Shrader's estate. Title to the premises was formally conveyed to Mary Anne Giligan on June 15, 1989 when a certificate of devise, descent or distribution was filed with the probate court.
By a complaint dated June 27, 1995, the plaintiff "Estate of Cora Shrader, Cora Shrader ADMX., Mary Anne Shrader Giligan" brought suit against the defendants Cablevision of Connecticut, Atlantic Coast Cable and Daniel Felices regarding a fire loss that occurred on December 27, 1990 on premises legally owned by Mary Anne Giligan. The complaint alleges that the fire and resulting damage were caused by the defendants' breach of contract and breach of implied warranty to perform services in a workmanlike manner when installing cable television on September CT Page 1513 18, 1990.
In individual motions dated November 11, 1997 and November 26, 1997, the defendants Cablevision of Connecticut and Atlantic Coast Cable have moved to dismiss the complaint. Both of the motions to dismiss were accompanied by supporting memoranda. The plaintiff filed an objection to the defendants' motions to dismiss on December 29, 1997. Simultaneously, the plaintiff filed a motion to substitute Middlesex Mutual Assurance Company as the named plaintiff. Short calendar argument was held on January 5, 1998.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." HerzogFoundation, Inc. v. University of Bridgeport, 41 Conn. App. 790,793, 677 A.2d 1378, cert. granted on other grounds,239 Conn. 907, 682 A.2d 998 (1996). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. Metal Products Corp. , 44 Conn. App. 446, 689 A.2d 1145
(1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93,680 A.2d 1321 (1996).
The defendants argue that the named plaintiffs do not have the capacity to initiate suit and therefore the court does not have subject matter jurisdiction to hear the dispute. In the alternative, the defendants argue that the plaintiff in this case lacks standing as it has no real interest in the cause of action. The plaintiff maintains that it does have standing and thus the court does have subject matter jurisdiction. The plaintiff argues that it is, in fact, bringing a subrogation suit since insurance monies were issued to the "Estate of Cora Shrader" for the damages suffered in the fire. While the plaintiff admits its terminology of "administratrix" rather than "executor" is erroneous, the plaintiff maintains that this error is minor and CT Page 1514 does not remove the court's subject matter jurisdiction. The plaintiff maintains that the defendant was aware of the fact that Mary Anne Giligan, as co-executor of the insured's estate, intended to bring a cause of action against the defendants. Moreover, the plaintiff also argues that even if the named plaintiff is incorrectly cited, the plaintiff's motion to substitute Middlesex Mutual Assurance Company as the named plaintiff remedies the error.
I. Capacity of plaintiff to sue.
According to the summons, the named plaintiff is "Estate of Cora S. Shrader, Cora S. Shrader, Admx., Mary Anne Shrader Giligan." Though somewhat unclear, the summons appears to name the deceased's estate and/or the administratrix, Mary Anne Giligan, of the deceased's estate as having the capacity to sue the defendant.
A. The Estate of Cora S. Shrader
An estate is not a legal entity. Issac v. Mount SinaiHospital, 3 Conn. App. 598, 600, 490 A.2d 1024 (1985). This court has previously held that an estate can neither initiate a lawsuit, nor can an estate be sued. Palmieri v. Relende, judicial district of Fairfield at Bridgeport, Docket No. 341312, 19 CONN. L. RPTR. 682 (June 26, 1997) (Maiocco, J.) Consequently, the "Estate of Cora S. Shrader" does not have the capacity to be a plaintiff in the present action.
 B. Cora S. Shrader, Admx. Mary Anne Shrader Giligan
The power of an administrator is precisely the same as that of an executor. The difference between the two is that while an executor takes his title from the will, an administrator's power is granted by the letters testamentary. McAdams v. Starr,74 Conn. 85, 86, 49 A. 897 (1901).
Mary Anne Giligan was named co-executor in decedent Cora Shrader's will. The summons to the present action incorrectly identifies Mary Anne Giligan as the administratrix. However, this misnomer does not warrant the dismissal of the present action. The Connecticut courts have been quite liberal in allowing parties to correct mere mistakes made by the pleader and substituting the correct party. This court has previously held that a technical error in pleading will not defeat the court's CT Page 1515 subject matter jurisdiction. ITT Semiconductors v. Matheson GasProducts, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553, 5 CONN. L. RPTR. 80 (October 2, 1991) (Maiocco, J.) Therefore, the mere fact that the plaintiff mistakenly named Mary Anne Giligan as administratrix and not executrix does not prejudice the defendants in any way. Under either scenario, the defendants have been sufficiently notified of the pending claim.
II. Whether the plaintiff lacks standing to sue.
Alternatively, the defendants argue that even if the court allows a correction of the named plaintiff to Mary Anne Giligan, executrix, rather than Mary Anne Giligan administratrix, the plaintiff still does not have standing to sue. The defendants argue that based on the complaint, only Mary Anne Giligan, individually, would have standing to sue. The plaintiff, on the other hand, argues that the underlying action is a subrogation claim based on the fact that an insurance payment was made to the "Estate of Cora Shrader, c/o Mary Anne Giligan." As such, the plaintiff claims that it has standing under the principles of subrogation.
"It is the basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented . . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted; internal quotation marks omitted.) Unisys Corp. v. Department ofLabor, 220 Conn. 689, 693, 600 A.2d 1019 (1991). CT Page 1516
The plaintiff in its objection to the motion to dismiss, and in argument at short calendar, maintains that the suit is brought in subrogation by the plaintiff on behalf of the insurer. According to the plaintiff, Middlesex Mutual Assurance Co. had previously reimbursed the plaintiff for the damages sustained in the fire. The plaintiff correctly cites Connecticut Life Casualty Ins. Co. v. Kanter, Superior Court, judicial district of Danbury at Danbury, Docket No. 322291, CONN. L. RPTR. 282 (July 29, 1996) (Moraghan, J.), for the proposition that a subrogation suit may be filed in the name of the insured or in the name of the insurance carrier.
It has generally been held that "[t]he insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third persons, but arises out of the contract of insurance and is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses." (Citations omitted.)Orselet v. DeMatteo, 206 Conn. 542, 546, 539 A.2d 95 (1988).
Under the general statement of law reiterated in Orselet, a subrogation right may exist in the present case. Middlesex Mutual Assurance Co. covered the loss sustained by its insured and can now seek to recover from the parties allegedly responsible for this loss. The uncertainty in this case lies in the fact that the named insured is deceased and died prior to the damage for which the insurer now seeks to recover in subrogation. Thus, it can be argued that the insured had no rights here. And while the insurance company nonetheless felt that its obligations to the insured of the house were still outstanding, the underlying cause of action alleged in the complaint does not involve the named plaintiff in any manner. Consequently, neither the "Estate of Cora Shrader" nor Mary Anne Giligan, as co-executor of the estate, have standing to bring the underlying action at hand. Simply, neither party has a "real interest" in causes of action which allege that Mary Anne Giligan was harmed by the defendants' allegedly wrongful cable installation. Neither party suffered real damages from the alleged breach of contract between the defendants and Mary Anne Giligan. At the time of the alleged breach, the property in question was already legally owned by Mary Anne Giligan. Any damages suffered were suffered by Mary Anne Giligan.
It is true Middlesex Mutual may have a subrogation right and CT Page 1517 seeks to substitute[1] itself as a named plaintiff in the underlying action against the defendant. Nonetheless, in the present case the defendants' motion to dismiss must be granted as the named plaintiff has no standing and the motion to substitute ultimately must be denied.
Generally, a motion that raises the jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties. Figueroa v. C. S. BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). However, where substitution is necessary for the determination of the real matter in dispute, the issues of substitution may be addressed under the catchall that the courts should liberally interpret the rules of practice "in any case where it shall be manifest that a strict adherence to them would work injustice." (Citations omitted.) ITT Semiconductors v. Matheson Gas, supra, Superior Court, Docket No. 029553, 5 CONN. L. RPTR. 80.
The Connecticut Supreme Court has noted that the outcome of a claimant's attempt to correct an error in naming the rightful party may depend on whether the substitution seeks to merely correct a misnomer or defect or whether it seeks to change an entire party. In the former case an amendment will be allowed; in the latter it will not be allowed. World Fire MarineInsurance Co. v. Alliance Sandblasting, 105 Conn. 640, 643-44,136 A. 68 (1927). Here, the plaintiff's attempt to substitute Middlesex Mutual as the named party would, in effect, fall into the later category and thus prejudice the defendants unfairly.
General Statutes § 52-109 has been interpreted as allowing amendment where a person or legal entity recognized as having the ability to sue is identified instead of some other such proper party. FDIC v. Retirement Management Group, Inc.,31 Conn. App. 80, 84 (1993). As earlier discussed, the named plaintiff is not a proper party. The "Estate of Cora Shrader" cannot be amended because the initial suit by that plaintiff is a legal nullity.Estate of Cecile A. Boulais v. Boulais, Superior Court, judicial district of New Haven at New Haven, Docket No. 368009, CONN. L. RPTR. 462 (February 3, 1995) (Hodgson, J.); Palmieri v. Relende, supra,
Superior Court Docket No. 341312, 19 CONN. L. RPTR. 682. The plaintiff "Cora Shrader, Admx.[2], Mary Anne Giligan" is a legal entity that, however, lacks standing.
Thus, the motion to substitute Middlesex Mutual would entail substituting a proper party for one that cannot bring suit itself. The plaintiff's complaint makes no mention of Middlesex CT Page 1518 Mutual nor of the fact that Middlesex Mutual reimbursed the plaintiff for damages suffered in the fire.[3] At least one court has commented that the failure to provide sufficient information as to the real plaintiff can be used to differentiate proper and improper application of § 52-109. Estate of Glass v. Glass, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 861599, 5 CONN. L. RPTR. 58 (September 30, 1991) (Berger, J). In this matter, the lack of such vital information may prejudice the defendants in how they approach the case at hand. As such, the motion to substitute is denied accordingly and the motion to dismiss is granted.
BY THE COURT,
MAIOCCO, JUDGE