[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, plaintiff seeks, inter alia, a judgment of specific performance requiring the defendant law firm to remove the name Gager from its name. CT Page 13468-ft
From the evidence presented at trial, the court finds the following:
On April 9, 1997, William W. Gager, Jr., administrator c.t.a. of the estate of his father, William W. Gager, Sr. (Attorney Gager). filed the instant complaint against the defendant law firm, Gager Peterson, LLP, seeking to remove the name "Gager" from the firm's name pursuant to a written agreement entered into between Attorney Gager and the firm on January 1, 1967. That agreement, formed to address Attorney Gager's desire to retire from the practice of law and to terminate his partnership interests in the law firm, provides in paragraph four that "it is the desire of the continuing partners that the name Gager continue to remain in the partnership name. William W. Gager, or his Executor, may, however, upon request have the name Gager dropped from the firm name, but until such receipt of such request, the name Gager may continue to be used in the firm name." Since its founding by Attorney Gager, in 1917, the firm has undergone several name changes, the most recent one being the change of name from Gager Henry to the name Gager Peterson. The name Gager, however has always been first in the firms name.
On June 27, 1967, Attorney Gager died. Pursuant to the terms of his will, the Colonial Bank and Trust Company was appointed executor of his estate. Clearly, Attorney Gager had a personal and special relationship with the bank and chose it rather than his son as executor.
On April 15, 1996, William W. Gager, Jr. requested that the Bank of Boston as executor by way of succession to the Colonial Bank and Trust Company, commence proceedings to remove the name Gager from the firm's name. After considering the request the Bank of Boston refused to commence such proceedings. As a result, William W. Gager, Jr. filed a petition with the probate court for the district of Cheshire to reopen his father's estate and remove the Bank of Boston as executor. Thereafter, the Bank of Boston tendered its resignation as executor of the estate and on December 19, 1996, the probate court appointed William W. Gager, Jr. as administrator c.t.a. On January 17, 2001, William W. Gager, Jr.'s daughter, Sarah Whelan, was appointed successor administrator c.t.a., d.b.n., of Attorney Gager's estate due to the declining health of her father and, subsequently was substituted as plaintiff in this matter.
The dispositive issue in this case is whether the plaintiff, now Sarah Whelan, may require the defendant law firm to remove the Gager name pursuant to paragraph four of the written agreement. The plaintiff contends that as administrator c.t.a., d.b.n., she is the successor executor, and, therefore, may request that the Gager name be removed from CT Page 13468-fu the firm name without providing a reason for doing so. She also claims that the power to enforce a contract provision is an ordinary fiduciary power, not a personal fiduciary power, and is thus assumable by successor fiduciaries.
The defendant maintains that paragraph four of the agreement expressly provides that only Attorney Gager or his executor may request that the Gager name be removed. The defendant further maintains that the powers and duties of an executor are greater than those of a court appointed administrator c.t.a. because an executor is specifically designated by the testator and that Whelan is the substitute successor administrator, c.t.a., d.b.n., and not the executor under the terms of the agreement.
The issue for this court to address, therefore, is whether the term "executor," as set forth in paragraph four of the written agreement, is limited to the executor specifically appointed by Attorney Gager in his will, or whether the term includes, by implication or by law, any duly appointed successor administrator, c.t.a. Generally, "[t]he person appointed by the testator to execute the terms of the will is an `executor.' Any person appointed by the court to administer an estate is an `administrator.'" G. Wilhelm, Settlement of Estates in Connecticut (2d Ed. West 2000) § 2:68, p. 2-36; see also 31 Am. Jur.2d, Executors and Administrators §§ 5, 6 (1994). In McAdams v. Starr, 74 Conn. 85,49 A. 897 (1901), our Supreme Court held that the only difference between an executor and an administrator is that "[t]he executor takes his title from the will: an administrator by the letters testamentary." Id., 86;
While the powers vested in an executor and an administrator are virtually the same, the terms themselves are different in that executors are chosen directly by the testator. That being said, the issue remains whether Attorney Gager intended an administrator of his estate to exercise the power to remove the Gager name from the law firm. Generally, "unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." Sims v. Honda Motor Co., 225 Conn. 401, 415, 623 A.2d 995
(1993). Paragraph four of the agreement clearly and unambiguously provides that only Attorney Gager himself, or his executor, may request that the Gager name be removed from the firm's name. From the evidence, this court is cognizant of the fact that Attorney Gager devoted the majority of his legal career to the practice of trust and estate work and that he did so over the course of approximately fifty years. That being said, if Attorney Gager had intended that any duly appointed successor could remove the Gager name from the law firm, it would have been so noted in the agreement. In article six of his last will and testament, CT Page 13468-fv Attorney Gager set forth the enumerated fiduciary powers to be reserved to his "Executor and Trustee and any duly appointed successor." In the written agreement, Attorney Gager entrusts only himself and his executor with the power to remove his name from the law firm. If Attorney Gager had intended such a power to extend to court-appointed administrators like the plaintiff, he could have specifically provided for such within the terms of the agreement. This court finds that because the agreement clearly and unambiguously states that only Attorney Gager or his executor may "have the name Gager dropped from the firm name," this court will not imply such terms to include all duly appointed successors.
Additionally, a reasonable balancing of the equities precludes the plaintiff from requesting that the Gager name be removed from the firm name based upon the plaintiff's failure to demonstrate that she would suffer any actual harm, financial or otherwise, should the firm retain the Gager name. While the plaintiff is not harmed by non-removal, a fair preponderance of the evidence indicates that removal of the name would cause defendant to suffer significant harm, financial and otherwise.
In accordance with the foregoing the court finds the issues for the defendant.
Judgment will enter accordingly.
So ordered,
THOMAS C. WEST, J.